UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDRO ROMAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PATRICT EASTON, et al,<br><br>　　　　　　Defendants. | 1:23-cv-00671-KES-SAB (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DENYING MOTION FOR SUMMONS TO SERVE DEFENDANTS<br><br>(ECF No. 20) |

　　　　On May 17, 2024, Plaintiff filed a motion seeking the appointment of counsel and for summons to serve defendants in this matter. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether Aexceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

1

1 complexity of the legal issues involved. Id. (internal quotation marks and citations omitted).

2 The test for exception circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escadeleron, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). In the present case, the Court has screened Plaintiff's second amended complaint and found that he has stated a claim for retaliation against Defendant K. Jackson, but has failed to state any other cognizable claims. (ECF No. 18.) The Court does not find the required exceptional circumstances.

Furthermore, even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. Plaintiff has adequately alleged a claim for retaliation in violation of the First Amendment and review of the complaints filed in this action reflects an ability to express the issue adequately. The legal issues present in this action are not complex. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exception circumstances that would warrant a request for voluntary assistance of counsel. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

Plaintiff seeks for summons to issue for service upon defendants in this action. Plaintiff's request for issuance of summonses is premature. Currently, pending before the district judge is a findings and recommendations recommending dismissal of certain claims and defendant in this matters. Once the district judge addresses the findings and recommendations an order will issue regarding the issuance of summonses.

///
///
///
///

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel is DENIED, without prejudice; and
2. Plaintiff's motion for issuance of summonses is DENIED as premature.

IT IS SO ORDERED.

Dated: __May 20, 2024__

_____
UNITED STATES MAGISTRATE JUDGE

3