UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDRO ROMAN,<br><br>            Plaintiff,<br><br>      v.<br><br>K. JACKSON<br><br>            Defendant. | No. 1:23-cv-00671-KES-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO AMEND BE DENIED<br><br>(ECF No. 42, 44, 45) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for an extension of time to file an amended complaint and Plaintiff's motion for leave to file an amended complaint, filed March 13, 2025 and April 10, 2025, respectively. (ECF Nos. 42, 44.) On April 10, 2025, Plaintiff also submitted a proposed amended complaint which was lodged. (ECF No. 45.)

**I.**

**BACKGROUND**

This action proceeds on Plaintiff's retaliation claim against Defendant K. Jackson. (ECF No. 22.)

On October 14, 2024, Defendant file an answer to the complaint. (ECF No. 32.) After an unsuccessful settlement conference, the Court issued the discovery and scheduling order on

1

1  January 8, 2025.  (ECF Nos. 38, 41.)

2  On March 13, 2025, Plaintiff filed a motion for an extension of time to file an amended
3  complaint.  (ECF No. 42.)  Defendant filed an opposition on April 3, 2025.  (ECF No. 43.)

4  On April 10, 2025, Plaintiff filed a motion for leave to file an amended complaint.  (ECF
5  No. 44.)  Defendant filed an opposition on April 29, 2025, and Plaintiff filed a reply on May 12,
6  2025. (ECF Nos. 46, 48.)

7  On May 8, 2025, Defendant filed a motion for summary judgment for failure to exhaust
8  the administrative remedies.  (ECF No. 47.)

## II.

## LEGAL STANDARD

The Court issued a pre-trial discovery and scheduling order and Defendants filed an answer to the complaint. Thus, both Rules 16 and 15 of the Federal Rules of Civil Procedure apply to analyzing the instant motion. See Johnson v. Mammouth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)(noting once the district court issues a scheduling order, Rule 16 requires the party seeking to amend to show "good cause" for the amendment and once that is found then the party must demonstrate that amendment is proper under Rule 15)(citing Financial Holding Corp. v. Garnac Grain Co., 127 F.R.D. 165, 166 (W.D. Mo. 1989)(same)).

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Leave to amend should be denied if amendment: (1) would cause prejudice to the opposing party; (2) is sought in bad faith; (3) would create undue delay, or (4) is futile. Chudacoff v. Univ. Med. Ctr. of S. Nevada, 649 F.3d 1143, 1152 (9th Cir. 2011)(citations omitted); see also Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991)(noting a "district court does not err in denying leave to amend where the amendment would be futile."); Moore v. Kayport Package Express, 885 F.2d 531, 538 (9th Cir. 1989). A "district court does not err in denying leave to amend where the amendment would be futile." Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991). The burden to demonstrate prejudice falls on the party opposing amendment. DCD Programs, Ltd v. Leighton 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong

showing of any of the remaining three factors, a presumption exists under Rule 15(a) is in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

"[A p]laintiff may not change the nature of [a] suit by adding new, unrelated claims in [an] amended complaint." Evans v. Neuhring, No. 2:09-cv-00292 TLN AC, 2006 WL 7159246, at *2 (E.D. Cal. Dec. 7, 2016) (internal citations omitted). "Unrelated claims that involve difference defendants must be brought in separate lawsuits." Id.

Futility alone may be grounds for denying leave to amend. Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998); DCD Progams, Ltd v. Leighton, 833 F.2d 183, 188 (9th Cir. 1987) (quoting Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)).

## III.

## DISCUSSION

### A.     Timeliness of Plaintiff's Motion

Pursuant to the Court's discovery and scheduling order, the deadline to amend the pleading expired on April 8, 2025. (ECF No. 41.)

Here, both Plaintiff's motion to extend the amendment deadline and motion to amend the complaint were timely filed. With application of the mailbox rule, Plaintiff's motion for an extension of time was constructively filed on March 8, 2025, and Plaintiff's motion to amend the complaint was constructively filed on April 7, 2025. (ECF Nos. 42, 44.)

Because both of Plaintiff's motion to file an amended complaint was timely filed, Plaintiff's motion for an extension of time shall be denied as moot. In addition, Defendant's arguments against Plaintiff's request for an extension are more properly considered in connection with a motion for leave to amend.

### B.     Motion to Amend/Proposed Amended Complaint

Plaintiff moves to amend the complaint "to clearly frame the material matters which are in dispute and to do so in a way that conforms to federal law and pleading requirements. These clearly framed issues are not new per se, and they have been exhausted. As for the habeas claim,

3

in order to avoid any exhaustion issues, Petitioner has invited the Court to consider his habeas claims through supplemental jurisdiction pursuant to 28 U.S.C. § 1367." (ECF No. 44 at 5.) Plaintiff submits the "Petition for Writ of Habeas Corpus and Third Amended Complaint expand the original complaint in a way that allows the court to reach his due process claims in conjunction with his civil rights claims." (Id. at 6.)

Defendant argues that Plaintiff's proposed amendment is in bad faith, creates further delay, is futile, improperly combines habeas and civil rights claims into a single action, and causes prejudice.

For the reasons explained below, Plaintiff's motion to amend should be denied.

a.   Undue Delay/Bad Faith

After a responsive pleading is filed, "leave to amend should be granted unless the amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates unnecessary delay." Johnson, 975 F.2d at 607 (internal citations omitted).

On January 17, 2024, the Court issued its third and final screening order rejecting all of Plaintiff's claims save for a retaliation claim against Defendant Jackson. (ECF No. 15.) The Court also provided Plaintiff with a choice between "one final opportunity to amend the complaint" and the option to file "a notice of his intent to proceed only on the cognizable claim identified by the Court". (ECF No. 15 at 11-12.) The Court warned that if Plaintiff chose to file a notice of his intent to proceed on the identified claim, the Court would "recommend to the District Judge that this case only proceed on" that claim. (ECF No. 15 at 11.) On February 12, 2024, Plaintiff filed a notice with the Court of his "[i]ntent to proceed with the cognizable claim against defendant K. Jackson" and requesting that the Court "[p]roceed on claim cognizable according to court order; date January 17, 2024." (ECF No. 16.)  Therefore, on June 27, 2024, the Court dismissed all claims and Defendants other than the retaliation claim against Defendant Jackson.[1] (ECF No. 22.)

///

///

---

[1] The Court also notes that Plaintiff did not file any objections to the Findings and Recommendations to dismiss those claims and Defendants.

4

1    Under the circumstances of this case, the Court finds that Plaintiff unduly delayed in
2 seeking to amend the complaint.  Plaintiff seeks to revive claims he actively chose to abandon on
3 February 12, 2024, which were dismissed by the Court during the screening process.  Plaintiff's
4 revisions to the factual allegations raised in his second amended complaint relate to claims
5 brought under the Eighth and Fourteenth Amendments.  First, Plaintiff now alleges that "[o]n or
6 about March of 2021, five gangmembers assaulted [him] while [he] was on the recreational yard
7 in response to Defendant Jackson's actions." Plaintiff further alleges that "Defendant Ramirez . . .
8 observed the assault and did nothing to intervene . . . even though he was in a position to do so."
9 Plaintiff allegedly "suffered physical and mental injury as a result of Jackson's and Ramirez's
10 direct actions and/or omissions." (ECF No. 45 at p. 4.) These new factual allegations are a
11 transparent attempt to resurrect the 'failure to protect' claim this Court previously rejected in its
12 Third and Final Screening Order and subsequently dismissed on June 27, 2024, nor does Plaintiff
13 explain why he could not allege this previously. (ECF Nos. 15, 22); see Jackson v. Bank of
14 Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990) (finding "undue delay" where parties "knew or
15 should have known the facts and theories raised by the amendment" at the time of filing the
16 original pleading, and had no explanation for failing to raise them earlier).

17    Second, Plaintiff seeks to rewrite his allegations concerning Lt. Bullock, whom the Court
18 dismissed as a defendant on June 27, 2024. (ECF Nos. 45, 22.) Plaintiff now alleges that rather
19 than speaking with him as previously pled, Lt. Bullock "refused to talk with Plaintiff" after
20 Plaintiff had been handcuffed, taken inside the program office, and informed of reports that he
21 had been "checking paperwork" and threatening other inmates. (ECF Nos. 14, 45.)  It is clear that
22 Plaintiff is attempting to recast his previously dismissed administrative segregation due process
23 claim. (ECF Nos. 15, 22.)

24    Lastly, Plaintiff now alleges new facts in support of a rejected due process claim
25 concerning his disciplinary hearing and rules violation report. (ECF No. 45.) These new
26 allegations pertain to Patrick Eaton and A. Ramirez, both of whom were dismissed as Defendants
27 on June 27, 2024. (ECF No. 22.)  Plaintiff alleges that "Eaton acknowledge[d] an administrative
28 error" connected with Plaintiff's placement in administrative segregation, and disapproved

1   Plaintiff's allegations "of false and fabricated evidence". (ECF No. 45 at 5-6.) Plaintiff further
2   alleges that A. Ramirez authored a document "directly contradict[ing] . . . the statement made in
3   the lock-up order". (ECF No. 45 at 6.) Finally, Plaintiff alleges that he was rendered ineligible for
4   the Offender Mentor Certification Program. (ECF No. 45 at 6.) These allegations are another
5   attempt to raise a due process claim concerning Plaintiff's disciplinary hearing and rules violation
6   report.  However, the Court rejected such claim and it was dismissed on June 27, 2024. (ECF
7   Nos. 15, 22.)

8       It is clear that Plaintiff's proposed amended complaint seeks to reinstate dismissed claims.
9   However, Plaintiff has made no showing the dismissal was erroneous. Therefore, Plaintiff's
10  motion to amend should be denied.

11      b.    Prejudice

12      Defendant argues that granting leave to assert new claims and new parties would prejudice
13  them.

14      In evaluating prejudice, a court may consider whether the proposed amendment would
15  alter the litigation substantially, such as by adding claims or parties, require additional discovery,
16  or cause extreme delay. See, e.g., Morongo Band of Mission Indians v. Rose, 893 F.2d 1074,
17  1079 (9th Cir. 1990) (finding prejudice where proposed amendment introduced new legal theory
18  and litigation was advanced); DCD Programs, Ltd v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987)
19  ("Amending a complaint to add a party poses an especially acute threat of prejudice to the
20  entering party" such that "[a]voiding prejudice to the party to be added [is the court's] major
21  objective.").

22      Here, Defendant argues that she would unduly prejudice them because it would return this
23  case to where it was over a year ago, in January of 2024.  This retreat would undo both Plaintiff's
24  own filings as well as orders and recommendations by the Court. (ECF Nos. 16, 18, 22.) It would
25  also undermine the discovery already completed in this case, including Plaintiff's deposition. This
26  case has already been pending for almost two years and involves events that purportedly
27  transpired almost four years ago. Plaintiff's motion seeks further delay in the resolution of this
28  case and is prejudicial to Defendant due to the amount of time that has now lapsed since the

6

events in question. To date, the parties have focused on facts, witnesses, and other evidence relevant to Plaintiff's claims retaliation claim against Defendant Jackson. Granting leave to add new defendants and claims would effectively re-start the litigation as those new claims and parties. Indeed, it would be necessary for the Court to screen any proposed amended complaint, any new Defendants would need to be served, and discovery would need to be conducted. Further, amendment would cause delay as a pending motion for summary judgment for failure to exhaust administrative remedies which, if granted, would dispose of the claims at issue in this action. (See ECF No. 47.) Thus, permitting amendment would delay the resolution of this case and prejudice Defendants. If the motion is granted, amendment would essentially require the litigation to start over and all current work essentially moot and a waste of time and resources.

c. Futile

Plaintiff's amendments to the second amended complaint are futile. The Court has repeatedly warned Plaintiff that his due process claims are barred pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). (ECF Nos. 7 at p. 8-9, 9 at p. 5-6, 15 at p. 6-7.) Plaintiff's third amended complaint again runs afoul of Heck.

As repeatedly stated by the Court, Heck v. Humphrey, 512 U.S. 477 (1994), "bars due-process challenges to prison disciplinary decisions", including those that result "in loss of good-time credits". (ECF No. 15 at p. 6.) A "prisoner may not bring a civil rights claim that necessarily implies the invalidity of a conviction or sentence until he has succeeded in invalidating the conviction or sentence by other means, such as through the grant of a writ of habeas corpus." (ECF No. 15 at p. 6.) Thus, "Plaintiff's due process challenge is barred by Heck unless Plaintiff can allege facts demonstrating that his disciplinary decision and sentence have been invalidated." (ECF No. 15 at p. 7.)

Here, Plaintiff once again raises the issue of good time credits, stating that he "could spend a lot of time herein alleging . . . the loss of good time credits". (ECF No. 45 at p. 9.) Plaintiff also repeats his failure to allege facts demonstrating that his disciplinary decision and sentence have been invalidated. Plaintiff's current position is therefore no different than it was in any of his past complaints, each of which failed to state a due process claim. 2 (ECF Nos. 7, 9,

15.) Because the <u>Heck</u> doctrine bars these claims, the Court finds that leave to amend under Rule 15 would be futile. <u>See</u> Fed. R. Civ. P. 15; <u>see also</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

Moreover, instead of filing a separate habeas corpus petition or acknowledging the Court's reasoning of the <u>Heck</u> bar, Plaintiff is now attempting to bring his due process challenge by way of habeas corpus petition, by now seeking to combine habeas corpus with civil rights claims in one complaint/petition.  A habeas corpus action and a prisoner civil rights suit differ in a variety of respects – including filing fees, the means of collecting them, and restrictions on future filings.  <u>See</u> <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to a detainee's conditions of confinement must be brought through a civil rights action, rather than through a habeas corpus petition); <u>see also</u> <u>Hill v. McDonough</u>, 547 U.S. 573, 579 (2006) (an "inmate's challenge to the circumstances of his confinement" must be brought through a civil rights action); <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 499 (1973) (a civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody"); <u>Nelson v. Campbell</u>, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas relief]" and, instead, should be brought as a civil rights claim "in the first instance.")  Thus, Plaintiff's motion to amend should be denied.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for an extension of time to file a motion to amend be denied as unnecessary; and
2. Plaintiff's motion to amend the complaint be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate

8

Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 15, 2025**

                STANLEY A. BOONE
                United States Magistrate Judge