UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDRO ROMAN,<br><br>            Plaintiff,<br><br>   v.<br><br>K. JACKSON<br><br>            Defendant. | No. 1:23-cv-00671-KES-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES BE GRANTED |

       Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

       Currently before the Court is Defendant Jackson's motion for summary judgment, filed May 8, 2025.

**I.**

**PROCEDURAL BACKGROUND**

       This action is proceeds on Plaintiff's retaliation claim against Defendant K. Jackson. (ECF No. 22.)

       Defendant filed an answer to the complaint on October 14, 2024. (ECF No. 32.)

       On May 8, 2025, Defendant filed the instant motion for summary judgment for failure to exhaust the administrative remedies. (ECF No. 47.) Plaintiff filed an opposition on June 4, 2025, and Defendant filed a reply on June 18, 2025. (ECF Nos. 51, 54.)

///

1

## II.

## LEGAL STANDARD

### A.  Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions."  42 U.S.C. § 1997e(a); see also Ross v. Blake, 578 U.S. 632, 638 (2016) ("An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones."). Exhaustion is mandatory unless unavailable.  "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance."  Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. at 741, and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Albino v. Baca,  747 F.3d 1162, 1166 (9th Cir. 2014).  "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)."  Albino, 747 F.3d at 1166.  Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust.  Id.

### B.  Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino,

2

| | |
|---|---|
| 1 | 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each |

747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, although it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id.  "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166.  However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

In arriving at this Findings and Recommendation, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

///

///

///

3

## III.

## DISCUSSION

### A. Description of CDCR's Administrative Remedy Process

CDCR provides an administrative grievance process for prisoners in accordance with Title15 of the California Code of Regulations. As of June 1, 2020, a prisoner is required to follow procedures set forth in California Code of Regulations, Title 15, sections 3480-3487 when submitting a grievance. The administrative grievance process has two levels of review—a review at the institutional level with the Office of Grievances (OOG) and a review at the Office of Appeals (OOA) in Sacramento. (Cal. Code Regs., tit. 15 §§ 3480-86.) This process requires the prisoner to submit a Form 602-1 to the OOG at the institution where the prisoner is housed within 60 days of the date the prisoner knew or should have known of the adverse policy, decision, action, condition, or omission. (Cal. Code Regs., tit. 15, §§ 3482(a)(1), (b)(1).) A prisoner's grievance must describe all information known and available regarding the claim, including key dates and times, names and titles of all involved staff (or descriptions of those staff members), and names and titles of all witnesses to the best of the claimant's knowledge. (Cal. Code Regs., tit. 15 § 3482(c)(1).) If the prisoner is unsatisfied with the institutional OOG decision, he may submit an appeal (CDCR Form 602-2) to the OOA within 60 days of discovering the decision by the OOG. (Cal. Code Regs., tit. 15 § 3484(b)(1).) A final decision by the OOA is required to exhaust a grievance. (Id.)

### B. Allegations of Complaint

Defendant K. Jackson retaliated against Plaintiff by threatening and verbally harassing Plaintiff after he filed a 602 grievance against her and labeled Plaintiff a snitch/child molester/rat in front of other inmates.

### C. Statement of Undisputed Facts

1. On May 2, 2023, Plaintiff filed the instant action while incarcerated, naming K. Jackson as a defendant. (ECF No. 1.)

2. The events at issue in the operative complaint took place at Sierra Conservation Center (SCC). (ECF No. 14 at 2-3.)

4

1          3.     The California Department of Corrections and Rehabilitation (CDCR) maintains a
process by which inmates may submit grievances regarding the conditions of their confinement
and prison staff. (Cal. Code Regs., tit. 15 §§ 3482, 3486.01.)

        4.     Plaintiff submitted a 602 grievance against Defendant in November of 2020 related to the processing of his legal mail. (Declaration of Nicole M. Cahill (Cahill Decl.), Ex. 1 [Pl. Dep. at 23:22-24:7, 19-25; 25:1-5], Attach. 1 to Dep. [Grievance Log No. 61627].)

        5.     Plaintiff alleges a few weeks after he submitted the grievance against Defendant she retaliated against him by calling him names in front of other inmates. (Pl. Dep. at 57:2-8.)

        6.     Plaintiff was placed in administrative segregation in mid-April of 2021. (Pl. Dep. at 21:13-19; 23:6-18.)

        7.     Plaintiff filed a total of three 602 grievances against Defendant. (Pl. Dep. at 30:19 – 30:20; 42:8-14.)

        8.     Two of Plaintiff's grievances were "for the same issue, which was the placement in ad seg and then the falsification of documents. (Pl. Dep. at 30:19–30:21; 32:12-34:19; 37:19-38:11; 40:23-42:23; 46:8-17; Attach 2 to Dep. [Grievance Log Nos. 118381, 131710].)

        9.     Plaintiff's sole other grievance against Defendant concerned her alleged refusal to process Plaintiff's legal mail. (Pl. Dep. at 30: 19–30:23; 42:8-14.)

**D.     Analysis of Defendant's Motion**

Plaintiff is proceeding on his claim that Defendant K. Jackson retaliated against him by identifying him as a child molester/rat in the present of other inmates for having filed a lawsuit against her.

At his deposition, Plaintiff acknowledged and does not dispute, that he filed three grievances against Defendant K. Jackson, two of which related to retaliation claims against her. (UF 4, 7-9.)

        1.     <u>Grievance Log No. 61627</u>

In Grievance Log No. 61627, Plaintiff alleged as follows:

> On Friday Nov-20-2020 I went to the Program Office to mail my legal mail [p]ursuant to the 'Prison Delivery Rule' 'prison mailbox' due to dead[]lines.

5

In file responsive documents
I notified by C/O Jackson that she would not accept my legal mail until Sunday Nov-22-2020.
I hereby declare that my right to access courts has been infringed on by the personal decision on this institution staff member.
I request immediate notification of all staff of the prison mailbox rule. (see Fed. Rules. App. Proc. Rule 4(c)(1), 28 U.S.C. and in 1993 amends Fed. Rules App. Proc. Foll. Rule 4(c), 28 U.S.C.

(Pl. Dep. Attach. 1.)

    2      <u>Grievance Log No. 118381</u>

In Grievance Log No. 118381, Plaintiff alleged as follows:

On 4/16-2021 I was placed in "ad-seg" on Retaliations act by sergeant A. Ramirez and C/O Jackson: wrongfully accused of asking people of their paperwork none of[] the officer claim to received [sic] that information also the confidential are from "4-23-21" not from "4-16-21"[.]  These officer[s] are obstructing with my legal "process to court I have missed 2 two court-call" because they refus[]ed to make those call see attach. Court days they violated "state-n-federal constitutional rights." "Retaliation, falsify documents, interfering with court-calls, intimidations, obstruction of laws, cruel unusual punishment, causing harm mental-[physical] emotional distress, p[sychological] pain and suffering. Illegal restrictions, board denial I have board day on "August 20, 2021" and the sergeant Ramirez-n-c/o Jackson know it all of these is because I have file a 602 against c/o Jackson see Attach.
I request that all charge being dismissed and restore all my pr[i]vilege and remove such false documents from my file re[lease[ from "ad-seg" as soon as possible and reprim[and] those two 2 officer for falsify documents.  Also the internals being notice of these and investigate Office of Ombudsman and the Inspector General.
I have been "S-N-Y" inmate and since [I've been incarcerated] never being accused of nothing like that seems file please.. on 4-23-2021 I missed court-call.  The "C.C.II" have been cancel[] my court-call in here I have court-call on May 11, 2021.  See "Roman v. S. Smith" Also the same officers that fabricate false accusa[t]ion are the one did such investigations and staff assistance.  I request "I.S.U. or I.G.I" performing the entire investigation of my case.

(Pl. Dep. Attach 2.)

    3.      <u>Grievance Log No. 131710</u>

In Grievance Log No. 131710, Plaintiff alleged as follows:

Appeal Due Process Procedures, Findings RVR SHO and (1) Retaliation for filing staff complaints (Jan 20221 against SCC c/o K. Jackson) and March 2021 No. SCC-C-0069665 (K. Jackson c/o see) both for refusing to process legal mail.  Use of informants to make false allegations was in direct retaliation for filing staff complaints.
(2) On 4-16-21, date of false allegations, attached SOMS print out demonstrates I was at medical ducat, had court call at approx.. 11 am (see Court Docket Attached) and yard was on modified program due to pandemic there was no yard for bldg. 5 so no one on yard and

6

|   |   |
|---|---|
| 1 | no ability to talk to anyone as alleged in RVR. |
| 2 | (3) SHO refused to direct questions to witnesses demonstrating factual and logical inability to have access to threaten anyone. |
| 3 | (4) It is highly improbable that three CDCR confidential informants "that have previously provided confidential information that proved to be true" could simultaneously make such reports unless orchestrated by staff. |


>       no ability to talk to anyone as alleged in RVR.
>       (3) SHO refused to direct questions to witnesses demonstrating factual and logical inability to have access to threaten anyone.
>       (4) It is highly improbable that three CDCR confidential informants "that have previously provided confidential information that proved to be true" could simultaneously make such reports unless orchestrated by staff.

(Pl. Dep. Attach 3.)

None of above three grievances relate to Plaintiff's claim that Defendant Jackson retaliated against him by calling him a snitch/child molester/or rate in front of other inmates. (Id.) Rather, these grievances against Defendant only challenge the handling of mail, disciplinary action taken against Plaintiff, and Plaintiff's placement in administrative segregations-all of which are distinct issues that have been dismissed. (ECF Nos. 14, 15, 16, 18, 22.) Accordingly, the Court finds Defendant has met her initial burden of showing the existence of an available administrative remedy and Plaintiff failed to exhaust his administrative remedies regarding his claims against Defendant Jackson. See In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010); Albino, 747 F.3d at 1172.

Because Defendant has met her initial burden, the burden shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino, 747 F.3d at 1172. Plaintiff has failed to do so.

Plaintiff's opposition does not refute Defendant's evidence. First, Plaintiff claims "Defendant[']s motion is improper litigation tactic in response to Plaintiff's constitutional claims that can potentially succeed going to trial." (ECF No. 51 at 1.) Plaintiff also claims that Defendant's motion should be denied because the proper vehicle to raise such issue is by way of a Rule 12(b) motion. Plaintiff is mistaken. The Court's January 8, 2025 scheduling order, specifically allowed Defendant to file a motion "for summary judgment under Federal Rule of Civil Procedure 56 for failure to exhaust the administrative remedies." (ECF No. 41.) Indeed, under current Ninth Circuit authority, "[i]f the evidence permits, the defendant may move for summary judgment under Rule 56" based on exhaustion grounds. Albino v. Baca, 747 F.3d 1162,

1169 (9th Cir. 2014).[1] Only "in a few cases" will "a prisoner's failure to exhaust . . . be clear from the face of the complaint, " and present the exhaustion defense to be raised by way of Rule 12(b) motion. Id.

Plaintiff further argues that because Defendant made an offer to settle the case at the settlement conference, "summary judgment is improper and should be denied. (ECF No. 51 at ¶ 11.) However, Federal Rule of Evidence 408 precludes offers of compromise from being used to prove liability. Fed. R. Evid. 408; Martinez v. Navarro, No. 1:19-cv-00378-JLT-GSA-PC, 2023 WL 2818075, at *2 (E.D. Cal. Mar. 23, 2023) (sealing plaintiff's settlement offer due to confidential nature of settlement discussions). Accordingly, even if Defendant made an offer to settle the case, such evidence is not admissible and cannot be considered in evaluating Defendant's motion.

Lastly, contrary to Plaintiff's contention, there is no evidence before the Court that he exhausted the administrative remedies with respect to the retaliation claim at issue in this action against Defendant Jackson. Further, there is no evidence establishing that the existing administrative remedies were unavailable to Plaintiff. Accordingly, Plaintiff has failed to carry his burden of proof in showing that that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino, 747 F.3d at 1172. Thus, Defendant's motion for summary judgment should be granted.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment, filed on May 8, 2025 (ECF No. 47), be granted; and
2. The instant action be dismissed, without prejudice, for failure to exhaust the administrative remedies.

---

[1] In Albino, the Ninth Circuit, sitting en banc, overruled Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the PLRA, should be raised by a defendant as an unenumerated Rule 12(b) motion. Albino, 747 F.3d at 1166. "[A] failure to exhaust is more appropriately handled under the framework of the existing rules than under an 'unenumerated' (that is, non-existent) rule." Id.

8

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the Court, limited to 15 pages in length, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 11, 2025**

STANLEY A. BOONE
United States Magistrate Judge

To support their assertion that plaintiff failed to exhaust his administrative remedies, defendants submit the declaration of Sgt. Tanner. ECF No. 63-7. However, though the declaration establishes that a grievance process existed as a general matter, it fails to outline the grievance process, address what information inmates were required to include, or explain what constituted a properly exhausted grievance. Id. Accordingly, even if, as defendants argue, the medical care grievance and two grievances about food being removed from plaintiff's tray were vague as to who was responsible for the complained of conduct and do not mention any of the defendants, defendants have not established that plaintiff was required to identify the officers about whose conduct he complained. Furthermore, even if the court assumes plaintiff was required to provide such information, Tanner's declaration does not specify that the three grievances related to medical care and missing food were the only grievances plaintiff submitted on those issues or establish how Tanner determined what grievances plaintiff did and did not file.4 See ECF No. 63-7 at ¶¶ 3-5, 15-16. Finally, though the declaration states that plaintiff's grievances regarding the removal of food did not make any allegation about feces being placed on his tray, it does not state that he did not file any separate grievances making such an allegation and is silent as to whether plaintiff filed any grievances related to the retaliatory destruction of his property. See id.

For all these reasons, defendants have failed to meet their burden of demonstrating that plaintiff failed to exhaust his administrative remedies and the motion should be denied on this ground.