UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDRO ROMAN,<br><br>                    Plaintiff,<br><br>          v.<br><br>K. JACKSON<br><br>                    Defendant. | No.  1:23-cv-00671-KES-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL<br><br>Doc. 65 |

Plaintiff, a state prisoner, proceeded pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.  After the complaint was screened, this action proceeded on plaintiff's retaliation claim against defendant Jackson.  Doc. 22.  On September 22, 2025, the action was dismissed for plaintiff's failure to exhaust administrative remedies and judgment was entered.  Doc. 62.

On December 3, 2025, plaintiff filed a motion under Federal Rule of Civil Procedure 59 and 60.  Doc. 65.  Plaintiff seeks relief from the Court's September 22, 2025, order (Doc. 62) granting defendant's motion for summary judgment and dismissing the action.  Defendant filed an opposition to plaintiff's motion for a new trial on December 23, 2025, and plaintiff filed a reply on January 12, 2026.  Docs. 69, 71.

1

## I.    DISCUSSION

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure.  *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

### A.  Rule 59(e)

A motion to alter or amend judgment under Rule 59 must be made no later than twenty-eight days after entry of judgment.  *See* Fed. R. Civ. P. 59(e).  Here, plaintiff's deadline to file a motion under Rule 59(e) was October 20, 2025 (28 days after judgment was entered on September 22, 2025).  Plaintiff submitted the instant motion for filing on November 26, 2025, and it was filed in the Court on December 3, 2025.[1]  Doc. 65.  Accordingly, plaintiff's motion is untimely under Rule 59(e).

### B.  Rule 60(b)

A party may also move for motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure.  Rule 60(b) provides for reconsideration of final orders of the district court only upon a showing one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).

In granting defendant's motion for summary judgment, the Court found that plaintiff failed to exhaust his administrative remedies with respect to his retaliation claim, which was the sole claim on which plaintiff was proceeding.  Docs. 55, 58.  Plaintiff's motion does not identify any basis under Rule 60 upon which this Court should reconsider its order.  In support of his

---

[1] Under the mailbox rule, a prisoner is deemed to have filed a document "at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk."  *Houston v. Lack*, 487 U.S. 266, 276 (1988) (establishing mailbox rule for prisoner's filing of appeal); *see also Douglas v. Noelle*, 567 F.3d 1103, 1107–09 (9th Cir. 2009) (extending *Houston* mailbox rule to prisoner's filing of complaint in § 1983 action).

motion, plaintiff attaches two exhibits: (1) correspondence from the Office of Appeals at the California Department of Corrections and Rehabilitation (CDCR) and (2) a declaration of Eduardo Rodriguez.  Doc. 65.

The CDCR correspondence is not relevant to the Court's analysis because it does not demonstrate that plaintiff submitted a grievance relating to his retaliation claim prior to filing this action.  *See* Doc. 65, Ex. A.  Rather, the CDCR correspondence appears to relate to a disciplinary hearing and plaintiff's placement in administrative segregation – claims that were previously dismissed by the Court for failure to state a cognizable claim for relief.[2]  Doc. 65 at 5-9; Docs. 18 and 22.  Because the CDCR correspondence does not demonstrate that plaintiff submitted a grievance regarding his retaliation claim prior to filing this action, it does not provide any basis for relief from the judgment.  The declaration of Eduardo Rodriguez is also not relevant to the Court's analysis under Rule 60 because the declaration pertains to the merits of plaintiff's retaliation claim but does not address the issue of whether plaintiff exhausted his administrative remedies prior to filing this action.[3]  *See* Doc. 65, Ex. B.

Accordingly, plaintiff has not demonstrated that relief under Rule 60 is warranted.

///

///

///

///

///

///

///

---

[2] Plaintiff further voluntarily abandoned these claims when he opted to proceed solely on his retaliation claim against defendant Jackson.  Doc. 16.

[3] The Court also notes that the Rodriguez's declaration was verified on March 24, 2025, which is almost six months prior to the Court's September 22, 2025, dismissal of this case, and there is no claim that this declaration was unavailable to plaintiff prior to the Court's September 22, 2025 ruling or that it could not have been discovered with reasonable diligence.  Thus, this declaration cannot be considered newly discovered evidence under Rule 60.  *See Marroquin v. City of Los Angeles*, 112 F.4th 1204, 1215–17 (9th Cir. 2024).

## II.       CONCLUSION AND ORDER

Based on the foregoing, plaintiff's motion for a new trial, filed December 3, 2025, is denied.


IT IS SO ORDERED.

Dated:    January 29, 2026

_____
UNITED STATES DISTRICT JUDGE